UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Richard F. Bergen,<br><br>    Plaintiff<br><br>v.<br><br>ZBS Law, LLP, et al.,<br><br>    Defendants | Case No.: 2:21-cv-01983-JAD-NJK<br><br>**Order Denying Ex Parte Application for Emergency Temporary Restraining Order and Preliminary Injunction; Order to Show Cause Why this Action Should Not be Dismissed for Lack of Subject-Matter Jurisdiction**<br><br>[ECF Nos. 3, 4] |

Pro se plaintiff Richard F. Bergen moves ex parte for a temporary restraining order and preliminary injunction to enjoin lenders, nearly all levels of the Nevada state-court system, and the Sheriff of Clark County from executing a temporary writ of restitution on his home.[1] That writ arises from a series of state-court matters in which Bergen has been unsuccessfully challenging the mortgage on his home for more than a decade.[2] He argues that he can show that the unlawful-detainer state-court action in which the writ was issued was "improperly commenced" and "unauthorized."[3] He characterizes this suit as "a multi-faceted action to both cancel and/or declare as void certain foreclosure and eviction proceedings regarding" his loan and "to seek extraordinary federal remedy regarding the overt corruption of the Judicial Branch of the Nevada Government, which now routinely denies borrowers their guaranteed right to 'due process' whenever suits involving mortgage loans—and specifically, loans [that] have been 'securitized'—are brought."[4] Because Bergen has not satisfied the requirements for obtaining ex

---

[1] ECF No. 3.

[2] *See* ECF No. 1 at 4–8 (recounting the history of this state-court litigation).

[3] ECF No. 3 at 9.

[4] *Id*. at 3.

parte relief, and because it appears that this court lacks jurisdiction over this action and the *Rooker-Feldman* doctrine bars the relief Bergen seeks, I deny his motion and order him to show cause why this case should not be dismissed.

## Discussion

The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical."[5] Both are "extraordinary" remedies and "never awarded as of right."[6] The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that to obtain an injunction, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[7] The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."[8] Under either approach, the starting point is a merits analysis.

### A. The action is an improper attempt to enjoin state-court proceedings.

Bergen can satisfy neither standard here because it appears that this case must be dismissed under the *Rooker-Feldman* doctrine. *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district

---

[5] *See Stuhlbarg Intern. Sales Co. v. John D. Bush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the "analysis is substantially identical for the injunction and the TRO").

[6] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

[7] *Id.* at 20.

[8] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

court proceedings commenced and inviting district court review and rejection of those judgments."[9] So federal courts "do not have jurisdiction . . . over challenges to state[-]court decisions in particular cases arising out of judicial proceedings *even if* those challenges allege that the state court's action was unconstitutional."[10] If the federal-court claims "are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for relief, then the [d]istrict [c]ourt is in essence being called upon to review the state[-]court decision. This the [d]istrict [c]ourt may not do."[11]

Bergen's first, third, and fourth claims—for wrongful foreclosure, fraud, and an "extraordinary federal remedy"—are all *Rooker-Feldman*-barred because they are de facto appeals of state-court cases he has already lost.[12] The wrongful-foreclosure and fraud claims were resolved against him in Nevada state court,[13] and the extraordinary remedy claim—such that it exists—accuses the state courts of intentionally disregarding the federal and state constitutions and state law by summarily denying him relief on those already-litigated claims.[14] While Bergen argues that he did not have a "full and fair opportunity to litigate,"[15] that is irrelevant; if "the injury alleged by the federal plaintiff resulted from the state[-]court judgment itself," the case must be dismissed.[16]

---

[9] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 463 (1983).

[10] *Feldman*, 460 U.S. at 486 (emphasis added).

[11] *Id.* at 483 n.16 (cleaned up).

[12] ECF No. 1 at ¶¶ 99–104, 127–32, 134–41.

[13] *Id.* at ¶¶ 23–36, 99, 104, 129–31, 134–41.

[14] *Id.* at ¶¶ 138–40.

[15] *Id.* at ¶¶ 35, 134.

[16] *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900–01 (9th Cir. 2003).

**B.      It does not appear that this court has subject-matter jurisdiction over this case.**

It also appears that there is a second reason this case must be dismissed: this court lacks subject-matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction."[17] A civil lawsuit may be filed in federal court only if (1) a claim arises under federal law[18] or (2) the case value is more than $75,000 and the plaintiffs are not citizens of the same state as any defendant.[19] "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."[20] Federal courts are presumed to lack subject-matter jurisdiction, and the plaintiff bears the burden of establishing that subject-matter jurisdiction is proper.[21] If the court lacks subject-matter jurisdiction, the action must be dismissed.[22]

Bergen alleges exclusively state-law claims,[23] so there is no federal question presented. Nor is there diversity jurisdiction. He alleges in the complaint that he is a resident of Clark County, Nevada, and that five defendants—Sables, LLC, the Las Vegas Justice Court, the Eighth Judicial District Court of Clark County, Nevada, the Nevada Court of Appeals, and the Nevada Supreme Court—are Nevada entities and ostensibly citizens of the State of Nevada.[24] Because it does not appear that this court has subject-matter jurisdiction over this case, this case would have to be dismissed.

---

[17] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).
[18] 28 U.S.C. 1331.
[19] 28 U.S.C. § 1332(a)(1) (diversity jurisdiction).
[20] *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).
[21] *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).
[22] Fed. R. Civ. P. 12(h)(3).
[23] ECF No. 1.
[24] *Id.* at 1–2.

### C. Bergen has not taken the required steps for obtaining injunctive relief without notice to the defendants.

Procedural deficiencies also doom this request. Though Bergen seeks this extraordinary relief on an ex parte basis, he has not complied with this court's rules for ex parte injunctive requests. Rule 65 of the Federal Rules of Civil Procedure authorizes a district court to "issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if" two conditions are met.[25] First, specific facts that "clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition" must be established by affidavit or verified complaint.[26] Second, the movant must certify "in writing any efforts made to give notice and the reasons why it should not be required."[27] Bergen offers no such certification and he has not otherwise shown that notice should not be required.

IT IS THEREFORE ORDERED that Bergen's Ex Parte Application for a Temporary Restraining Order without Notice and Motion for Preliminary Injunction **[ECF Nos. 3, 4] are DENIED**.

IT IS FURTHER ORDERED that **Bergen has until November 8, 2021, to show cause in writing why this case should not be dismissed under the *Rooker-Feldman* doctrine and**

---

[25] Fed. R. Civ. P. 65(b)(1).
[26] *Id.* at 65(b)(1)(A).
[27] *Id.* at 65(b)(1)(B).

for lack of subject-matter jurisdiction. If Bergen does not establish in writing a basis for this court to retain jurisdiction over this case by that deadline, this case will be dismissed and closed without further prior notice.

_____
U.S. District Judge Jennifer A. Dorsey
October 29, 2021